IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR326 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ONIE J. CARTER, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

This matter is before the court on the defendant's m§ 2255, Filing No. 45. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief," the court must dismiss the motion. *Id.*

The record shows that the defendant entered a plea of guilty to a charge of possession of five grams or more of crack cocaine on November 24, 2009. Filing No. 26. On February 19, 2010, he was sentenced to a term of 110 months of imprisonment. Filing No. 36, text minute entry. The judgment of conviction was entered on February 24, 2010. Filing No. 41, Judgment. The defendant did not file an appeal. His sentence was later reduced to 84 months on a motion for application of the 2011 crack cocaine amendment to the United States Sentencing Guidelines. Filing No. 53.

In his largely unintelligible § 2255 motion, the defendant alleges that he received ineffective assistance of counsel. Filing No. 45, § 2255 Motion at 1. He contends he had

a valid defense, mentions borderline retardation, and argues that there was no evidence to sustain the charge against him in that "the confidential informant/CI would never have gotten on the stand understand and let the whole Omaha, Nebraska, witness a snitch." *Id.* at 1 to 2. Further, he contends there is "no way in God's green Earth, due to the crush of cases that this court could have tried [him] in 120 days." *Id.* at 2.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § section 2255 (f) (1). When a defendant does not file an appeal, his conviction becomes final when the period in which to file an appeal expires. *Anjulo-Lopez v. United States*, 540 F.3d 814, 816 (8th Cir. 2008). In a criminal case, a notice of appeal must be filed within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(I).

The record shows that the defendant's § 2255 motion is untimely. The criminal judgment became final in March 2010 and the defendant did not file his § 2255 motion until July 25, 2011. On initial review, the court finds that it "plainly appears that the defendant is entitled to no relief."

The court further finds that petitioner has not made "a substantial showing of the denial of a Constitutional right." 28 U.S.C. § 2253 (c)(2); see also Rule 11(a) of the Rules Governing Section 2255 Proceedings. Accordingly,

IT IS ORDERED:

1.  Defendant's motion to vacate under 28 U.S.C. § 2255 (Filing No. 45) is denied.

2.  No certificate of appealability shall issue.

3.  The Clerk of Court is directed to mail a copy of this order to the defendant.

DATED this 8th day of March, 2012.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge